**Eloida Cruz AVALOS, a.k.a. Elodia Cruz Avalos, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–73600.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Oct. 13, 2010.

Eloida Cruz Avalos, La Habra, CA, pro se.

Kate Deboer Balaban, Esquire, OIL, U.S. Department of Justice, Washington,

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Eloida Cruz Avalos, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Cruz Avalos failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005).

The BIA did not abuse its discretion by denying Cruz Avalos' motion to reopen as to cancellation of removal because the motion failed to set forth any new facts or present any new evidence to demonstrate the requisite hardship. *See* 8 C.F.R. § 1003.2(c)(1) (providing that a motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be sup-

** This disposition is not appropriate for publication and is not precedent except as provid-

ported by affidavits or other evidentiary material").

In her opening brief, Cruz Avalos fails to address, and therefore has waived any challenge to, the BIA's determination that her claim of hardship to her younger daughter is moot. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

The BIA did not abuse its discretion by denying Cruz Avalos' motion to reopen to apply for asylum, withholding of removal, and relief under the Convention Against Torture because the BIA considered the evidence she submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**